## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL HOLLIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:12-CV-4905-BF** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security,** | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION & ORDER

Plaintiff Michael Hollie ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

### Background

Plaintiff alleges that he is disabled due to severe pain stemming from failed back syndrome. *See* Tr. [D.E. 8-2 at 31]. After his application for disability insurance was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on August 9, 2011. *See id.* [D.E. 8-2 at 27]. At the time of the hearing, Plaintiff was 50 years old. *See id.* [D.E. 8-2 at 32]. Plaintiff is a high school graduate and has past work experience as a branch manager of a automotive repair company. *See id.* [D.E. 8-2 at 33]. Plaintiff has not engaged in substantial gainful activity since July 23, 2009. *See id.* [D.E. 8-2 at 32].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* [D.E. 8-2 at 20]. Although the medical evidence established that Plaintiff suffered from lumbar disc disease and obesity, the judge concluded that the severity of those impairments did not

meet or equal any impairment listed in the social security regulations. *See id.* [D.E. 8-2 at 19-20]. The ALJ determined that Plaintiff has the RFC to perform a limited range of sedentary work, but could not return to his past relevant employment as a branch manager of an automotive service company because it was skilled, light work. *See id.* [D.E. 8-2 at 20-22]. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working in representative managerial occupations, including a generic managerial occupation - jobs that exist in significant numbers in the national economy. *See id.* [D.E. 8-2 at 23]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 8-2 at 2]. The Council affirmed. *See id.* [D.E. 8-2 at 2]. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)     an individual who does not have a "severe impairment" will

not be found to be disabled;

(3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must

3

be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Plaintiff's appeal raises the following issues:

1.  Whether the the ALJ improperly rejected the opinion of Plaintiff's treating physician; and

2.  Whether the ALJ's decision is supported in light of new evidence submitted to the Appeals Council.

Pl.'s Br. [D.E. 14 at 2].

## 1. Dr. Rand M. Voorhies' Opinion

Plaintiff first contends that the following reasons for the ALJ's rejection of his treating physician, Dr. Rand M. Voorhies' ("Dr. Voorhies") opinion regarding Plaintiff's inability to work were not sufficient: (1) Dr. Voorhies' and his nurse practitioner, Janell Escude's ("Nurse Escude") opinions that Plaintiff's post-surgical symptoms would likely limit future employment is an issue reserved for the Commissioner; (2) that their opinions were not supported by contemporaneous medical records; and (3) their indication that the final determination from a rehabilitation and vocational standpoint will be deferred to his treatment physical medicine and rehabilitation specialist, Dr. Lorraine Rudder ("Dr. Rudder"). *Id.* [D.E. 14 at 19].

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing *Greenspan*, 38 F.3d at 237; *Leggett*, 67 F.3d at 566).

4

A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. If good cause is shown, then the ALJ may accord the treating physician's opinion less weight, little weight, or even no weight. *Paul v. Shalala,* 29 F.3d 208, 211 (5th Cir. 1995). If the ALJ does not accord a treating doctor's opinion controlling weight, the ALJ must set forth specific reasons for the weight given, supported by the medical evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2).

The ALJ explained that he did not give any weight to Dr. Voorhies' and Nurse Escude's statements suggesting that Plaintiff is disabled to the extent they describe Plaintiff having a lesser RFC than for sedentary work with the exceptions of having a sit/stand option at 30-minute intervals; using a cane for significant standing and walking; no climbing of ladders, scaffolds, or ropes; only occasionally performing other postural functions; and avoiding unprotected heights and extremes of cold. *See* Tr. [D.E. 8-2 at 20-21]. The July 15, 2011 letter from Dr. Voorhies and Nurse Escude stated in part as follows:

> Mr. Hollie had an excellent surgical outcome with no postop event or complications following the lumbar fusion L4 to S1 with instrumentation at six months postop. The six month postop x-rays continue to show a solid fusion radiographically with the implants in good alignment and no instrumentation failure. The patient continues to rank moderate pain to the lumbar spine and down the left leg (8/10) and the pain was more severe and disabling prior to surgery. Although the patient did have significant improvement, the residual symptomatology would likely limit any future

employment. The final determination from a rehabilitation standpoint and vocational standpoint on your client is being deferred to his treatment physical medicine and rehabilitation specialist, Dr. Lorraine Rudder . . . .

*See id.* [D.E. 8-7 at 46]. Therefore, Dr. Voorhies and Nurse Escude did not definitively opine that Plaintiff was disabled or that Plaintiff was not capable of future employment. *See id.* [D.E. 8-7 at 46]. Plaintiff did not submit a subsequent opinion from Dr. Rudder regarding Plaintiff's vocational and rehabilitation status. Further, Dr. Rudder's May 10, 2011 evaluation did not indicate that in his opinion, Plaintiff was disabled or had any restrictions on ability to work. *See id.* [D.E. 8-7 at 38]. Rather, Dr. Rudder made the following observations: Plaintiff is a "[w]ell developed[,] well nourished [A]frican [A]merican male in mild distress;" that Plaintiff "does feel that sx improved since surgery in terms of severity[,] he feels that he no longer has weakness/limp since surgery;" Plaintiff "states he tries to walk 2 miles daily-5x1week"; and that the treatment plan includes "discontinu[ing] percocet." *See id.* [D.E. 8-7 at 38-39]. These assessments do not support the allegations of a claimant who is in too much pain for employment. Further, the ALJ found Plaintiff's allegations to not be fully credible for the following reasons: "[t]here is relative paucity of treatment in the record, other than the claimant's surgery, since the alleged onset;" (2) Plaintiff's "function report describes a generally sedentary lifestyle (Exhibit 5E). The claimant was able to drive to the hearing from Red Oak, TX, a distance of more than 20 miles;" (3) Plaintiff "denied having side effects from his medication;" and (4) although Plaintiff "stated that he could not sit for more than 30 minutes at a time, he was able to do so at the hearing." See *id.* [D.E. 8-2 at 21].

The ALJ's finding is supported by substantial evidence. Dr. Voorhies did not opine that Plaintiff was disabled or was definitively precluded from future employment, but merely opined that "the residual symtomatology would likely limit any future employment" and that the "final

determination from a rehabilitation standpoint and vocational standpoint is being deferred to his treatment physical medicine and rehabilitation specialist, Dr. Lorraine Rudder." *See id.* [D.E. 8-7 at 46]. Therefore, the ALJ's finding did not reject Dr. Voorhies' opinion because his opinion that Plaintiff is *likely* to be precluded from future employment does not conflict with a finding that Plaintiff is capable of sedentary work. Further, Dr. Rudder, whom Dr. Voorhies ultimately deferred to with respect to vocational capacity and employment prospects and who was Plaintiff's treating physical medicine and rehabilitation specialist, did not opine that Plaintiff was experiencing the extent of pain or other limitations that would preclude Plaintiff from employment. As Plaintiff acknowledges, it is Plaintiff's burden to "prove disability," and Plaintiff has failed to do so here. *See* Pl.'s Br. [D.E. 14 at 20]. Because substantial evidence supports the ALJ's decision, Plaintiff's arguments regarding any procedural imperfections are not controlling. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.").

## 2. New Evidence Submitted to Appeals Council

Plaintiff also argues that new and material evidence was submitted to the Appeals Council and that the Appeals Council failed to follow the procedures required for considering those materials. Pl.'s Br. [D.E. 14 at 25-33]. The Regulations provide a claimant the opportunity to submit new and material evidence to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision. 20 C.F.R. § 404.970(b). For new evidence to be considered material, there must exist "the reasonable possibility that it would have changed the outcome of the Secretary's determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Additionally, to be considered material, the

7

evidence must "relate to the time period for which benefits were denied." *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Thus, as a corollary, evidence of a later-acquired disability or a subsequent deterioration of a non-disabling condition is not material. *Id.* Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). A court considering that final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006).

Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it. *Higginbotham*, 405 F.3d at 335 n.1 (referring to a memorandum from the Commissioner's Executive Director of Appellate Operations dated July 1995). Nevertheless, where new medical evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, several judges have found that the case should be remanded so that the Appeals Council can fully evaluate the treating source statement. *See Brown v. Astrue*, No. 3:10-CV-275-O (BK), 2010 WL 3895509, at *4-6 (N.D. Tex. Sept. 13, 2010); *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010); *Stewart v. Astrue*, No. 7:07-CV-52-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008). However, new evidence that is merely cumulative of evidence already considered by the ALJ is not material and, therefore, does not require remand. *See Moore v. Astrue*, No. 3:07-CV-2017-B, 2009 WL 5386134, at *3 (N.D. Tex. Nov. 13, 2009); *Price v. Astrue*, No. 3:09-CV-1275-BD, 2011 WL 888260, at *3 (N.D. Tex. Mar. 11, 2011).

8

Here, because the new evidence is merely cumulative of evidence previously submitted to, and considered by the ALJ, Plaintiff has failed to demonstrate that the new evidence is material. *See* Tr. [D.E. 8-8 at 4-44; 8-9 at 1-2]. As the Commissioner points out, the material has already been summarized in Dr. Voorhies' opinion. *See id.* [D.E. 8-7 at 23-24; 8-8 at at 4-44; 8-9 at 2]; Def.'s Br. [D.E. 15 at 16]. Plaintiff asserts that the material has been relied on by Dr. Voorhies in formulating his opinion. Pl.'s Br. [D.E. 14 at 7]. Further, the new evidence submitted pertains to assessments made and treatments given prior to Plaintiff's back surgery in January 2011. *See* Tr. [8-8 at at 4-44; 8-9 at 2]. Plaintiff has argued that Dr. Voorhies' opinion is more comprehensive than other evidence in the record because he has assessed Plaintiff post-January 2011 back surgery. *See* Pl.'s Br. [D.E. 14 at 24-25]. In addition, Plaintiff argues that the new evidence supports Dr. Voorhies' opinion but Dr. Voorhies did not conclude that Plaintiff is not able to work or is disabled - merely that he is "likely" limited in future employment but stated that the final decision would be left to Dr. Rudder. *See id.* [D.E. 18 at 13]; Pl.'s Br. [D.E. 8-7 at 46]. Dr. Rudder never opined subsequently that Plaintiff could not work. Accordingly, remand is not required because the new evidence submitted by Plaintiff is not material in that there is no reasonable possibility that it would have changed the outcome of the ALJ's disability determination. *See Moore*, 2009 WL 5386134, at *3 (cumulative evidence is not material evidence that justifies a remand); *Price*, 2011 WL 888260, at *3 (same). The Court notes that even if the evidence could be considered material, it certainly does not dilute the record to such an extent that the ALJ's decision becomes insufficiently supported.

**<u>Conclusion</u>**

For the reasons stated above, the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

This 26th  day of March, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

10